Filed 3/25/24  P. v. Wade CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099054 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE019068) |
| v. | |
| CHANCELLOR LENARD WADE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Chancellor Lenard Wade asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Thereafter, defendant filed a supplemental brief.  Having reviewed defendant's arguments and the record as required by *Wende*, we will affirm.

## I.  BACKGROUND

According to the unpublished opinion issued in defendant's original appeal:  "On September 16, 2018, G.R. was working at a Walmart where a register with a large

1

amount of cash was kept.  A man G.R. identified at trial as defendant approached her with his hand in his pocket and said, 'I don't want nobody to get hurt' and 'I want you to put your drawer—your register on the counter.'  G.R. opened the register and put the money drawer on the counter.  Defendant took the hundreds and the twenties and walked out of the store.  Security cameras recorded the incident, and the video was played for the jury at trial.  Managers calculated the loss at about $4,500.

"On September 29, 2018, M.K. was working at the Walmart when a man M.K. identified at trial as defendant approached the register and said, 'I'm here for the robbery.'  Defendant then said[,] 'This is a robbery.  Can you open up your drawer?  Otherwise I'm going to hit you.'  M.K. told defendant she could not open the drawer by herself and needed to call her manager.  Defendant responded, 'Don't call your manager, otherwise I'm going to hit you.  You have only five seconds to open your drawer.'  A manager came to the counter and took M.K. to an office to find out what was going on.  When the manager returned to the counter, defendant was gone.  The incident was recorded by security cameras and the video was played for the jury at trial." (*People v. Wade* (Apr. 23, 2021, C090655) [nonpub. opn.].)

Defendant was convicted by a jury of robbery (Pen. Code, § 211—count 1)[1] and attempted robbery (§§ 664/211—count 2).  The trial court found true that defendant had suffered two prior convictions within the meaning of the Three Strikes law (§§ 667, subds. (a), (b)-(i), 1170.12) and two prior serious felony convictions (§ 667, subd. (a)(1)).  The trial court dismissed the strike on count 2 and the two prior serious felony enhancements.  The court sentenced defendant to state prison for 25 years to life on count 1 and six years on count 2, for a total aggregate sentence of 31 years to life.  We affirmed. (*People v. Wade, supra*, C090655.)

---

[1] Undesignated statutory references are to the Penal Code.

2

Effective January 1, 2022, the Legislature added subdivision (b)(6) to section 1170, requiring imposition of a lower term sentence when certain mitigating factors contributed to the commission of the offense, including where a defendant had experienced psychological trauma. (§ 1170, subd. (b)(6)(A); Stats. 2021, ch. 731, § 1.3.) In April 2022, defendant filed a petition in the trial court under section 1170, subdivision (b)(6), claiming he was entitled to resentencing because posttraumatic stress disorder was a contributing factor in the commission of the attempted robbery. The trial court denied the petition. Defendant then filed a petition for habeas corpus in this court, which we denied in July 2022. (See *In re Wade* (Feb. 28, 2023, C096459) [nonpub. opn.].) The California Supreme Court granted review in September 2022 and transferred the matter back to this court. (*Ibid.*) As ordered by the Supreme Court, we vacated our order denying the petition and issued an order to show cause why defendant was not entitled to a new sentencing hearing. (*Ibid.*) In October 2022, the People conceded in their return that defendant should receive a resentencing hearing due to a change in the law. (*Ibid.*)

Given the People's concession, we remanded the case for resentencing on defendant's attempted robbery conviction under section 1170, subdivision (b)(6), as amended. (*In re Wade, supra*, C096459.) We stated that, on remand, the parties would have the opportunity to determine whether (1) defendant suffered " 'psychological . . . trauma' that 'was a contributing factor in the commission of the offense,' " and (2) " 'the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice.' " (*Ibid.*) We further stated that the trial court could revisit all its sentencing choices in light of new legislation. (*Ibid.*)

On April 10, 2023, the trial court ordered the probation department to address the recommended sentence under current law and any postconviction factors relevant to resentencing.

On May 9, 2023, defendant filed a brief inviting the trial court to dismiss the strikes on counts 1 and 2 under *People v. Romero* (1996) 13 Cal.4th 497 (*Romero*). Defendant also argued that, under subdivision (c) added to section 1385 by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Senate Bill No. 81) (Stats. 2021, ch. 721, § 1), the trial court should dismiss the prior strikes (which defendant referred to as "prior strike enhancement allegations"), as well as the prior serious felony enhancements. Defendant further requested that the trial court determine that mitigating factors outweighed aggravating factors and impose the low term on counts 1 and 2.

On May 23, 2023, the probation department filed a supplemental report stating that, after reviewing current law and relevant postconviction factors, the department continued to recommend that the trial court impose the upper term on count 2, because no mitigating factors were found in defendant's initial sentencing.[2]

On June 2, 2023, the trial court conducted a resentencing hearing. At the outset, the trial court noted that it had denied a *Romero* motion in 2019 when initially imposing sentence. In doing so, the trial court considered evidence of defendant's posttraumatic stress disorder (PTSD) addressed in a supplemental probation report prepared in 2019. The trial court further noted that it had received the report of Dr. Linda Barnard that the

---

[2] Defendant asserts his due process rights were violated when the probation department submitted only a two-page supplemental report. (*People v. Brady* (1984) 162 Cal.App.3d 1, 7; Cal. Rules of Court, rules 4.411(a), 4.411.5.) However, there is no constitutional right to a supplemental probation report. (*People v. Dobbins* (2005) 127 Cal.App.4th 176, 182.) Defendant argues that a supplemental report would have been an "excellent opportunity to clear up . . . material inaccuracies" in the initial report. But defendant raised these inaccuracies with the trial court at an October 11, 2019 hearing and they were corrected at the hearing by interlineation in the report. In any case, defendant forfeited this claim on appeal by failing to object below to the sufficiency of the supplemental report. (*People v. Llamas* (1998) 67 Cal.App.4th 35, 39; *People v. Franco* (2014) 232 Cal.App.4th 831, 834; but see *Dobbins, supra*, at p. 182 [challenge to *absence* of supplemental report not waived by failure to object below].)

4

People had conceded established a prima facie showing that PTSD played a significant role in the commission of the crime. The trial court also acknowledged that the probation department's supplemental report continued to recommend the upper term. However, the court referred to the supplemental report as "fairly summary" and "rather cursory."

The trial court then denied defendant's *Romero* motion to strike the strikes on the robbery count and imposed a Three Strikes sentence of 25 years to life. As the court explained, it denied the motion for the same reasons it did in 2019, considering evidence of PTSD but relying on other *Romero* factors. The trial court further explained that its review of the probation report indicated that all the victims of the prior and current offenses were female.[3] One of the current victims was pregnant at the time of the attempted robbery and testified emotionally at trial to her fear when defendant threatened to hit her if she did not hand over the money immediately. The trial court commended defendant for identifying treatment program plans while in prison. However, the court noted defendant's long history when not imprisoned for committing serial crimes, particularly robberies involving female victims. Considering defendant's danger to the public, and given his prior and current convictions, the court found that defendant was within the spirit of the Three Strikes scheme.

The trial court then granted defendant's *Romero* request as to one of the strikes on the attempted robbery count and sentenced defendant to the low term of one year for an

---

[3] As described in the probation report, defendant's prior robbery conviction in 1998 involved defendant knocking the female victim to the ground from behind, demanding her backpack and property, and, when she refused to comply, taking her property by force and threatening to kill her. On appeal, defendant describes the conviction as follows: "In the commission of the offense, the person being robbed attempted to run, tripped, and sustained a fractured arm." The second prior conviction in 2005, also for robbery, involved two robberies of female bank tellers in a span of a few days.

attempted robbery doubled by the strike to two years.[4]  The trial court observed that its decision on this count was driven by defendant's current age, his efforts to identify treatment programs, his PTSD, his substance abuse, and his attempt to put together plans for his release.  The trial court also dismissed both serious felony enhancements (§ 667, subd. (a)) under section 1385, subdivision (c).  The total aggregate sentence imposed was 27 years to life in state prison.

Defendant timely appealed.

## II.  DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by his counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  Defendant failed to file a supplemental brief in the allotted time.  Defendant contended that he did not receive notice of the deadline to file a supplemental brief.  We determined that defendant did receive notice but exercised our discretion to grant an extension for defendant to file a supplemental brief.

Having reviewed defendant's supplemental brief, we understand him to argue:  (1) the trial court abused its discretion in denying his request to strike the prior strikes under *Romero* on count 1, and (2) that the prior strikes, as well as the serious felony enhancements, should be dismissed under section 1385, subdivision (c).  We discuss each issue in turn.

*A.     Abuse of Discretion*

The trial court has discretion to strike a prior serious felony conviction if the defendant falls outside of the spirit of the Three Strikes law.  (*People v. Williams* (1998)

---

**4**  The trial court has discretion to dismiss strikes on a count-by-count basis.  (*People v. Garcia* (1999) 20 Cal.4th 490, 502.)

17 Cal.4th 148, 161.) "[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*People v. Carmony* (2004) 33 Cal.4th 367, 378.) To determine whether to strike a prior conviction, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams, supra*, at p. 161.)

The trial court's "failure to . . . strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony, supra*, 33 Cal.4th at p. 374.) Only in limited circumstances does a trial court abuse its discretion in refusing to strike a prior felony conviction, such as when the court is not aware of its discretion or considers impermissible factors, or where the sentencing norm under the Three Strikes law leads, as a matter of law, to a result that is arbitrary, capricious, or patently absurd, given the circumstances of the individual case. (*Id.* at p. 378.) It is not enough to show that reasonable people might disagree. (*Ibid.*) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

Here, the record reveals the trial court was aware of its discretion to strike defendant's prior felony convictions and that it considered relevant factors. Defendant contends that the trial court failed to consider his youth when it referred to defendant's criminal history, which consisted primarily of misdemeanor offenses when he was under the age of 26. However, defendant's criminal history showed that he progressed from misdemeanors to felonies as he aged. Thus, the court could reasonably conclude the

7

seriousness of defendant's offenses were increasing not decreasing despite the presumed maturity that accompanies aging. Moreover, as the trial court noted, gaps in defendant's criminal history occurred when defendant was incarcerated in state prison, and his crimes resumed when he was released.

Defendant also contends that the trial court considered an irrelevant factor, i.e., that his victims in the crimes that led to his prior and current convictions were female. Defendant argues that being female does not render the victims "particularly vulnerable" as an aggravating circumstance within the meaning of California Rules of Court, rule 4.421(a)(3). Defendant omits that the trial court specifically noted that the female victim in the attempted robbery offense was pregnant and testified to how frightened she was when defendant threatened to hit her. The trial court could reasonably conclude that this victim was particularly vulnerable. In any event, while factors listed in the California Rules of Court may be relevant to the trial court's inquiry, the court is not limited to consideration of these factors. (See *People v. Dryden* (2021) 60 Cal.App.5th 1007, 1029.) Further, defendant argued he did not target female victims, but the record is to the contrary. Defendant attributed the victims of his current crimes to Walmart's hiring females in its money center, but his conviction in 2005 involved robbing two female tellers in two different banks in the span of a few days.

Finally, defendant maintains the trial court abused its discretion in denying his request to strike the prior strikes by not considering in mitigation, inter alia, his drug addiction as a contributing factor to his criminal history and his efforts to address it, as well as his PTSD and plans for housing upon release, rather than just his criminal history. Our review of the record shows that the trial court did consider these factors, which were amply covered in defendant's mitigation statement and *Romero* request submitted to the trial court before the resentencing hearing, and which the court specifically mentioned in part in declining to dismiss the strikes on count 1 and in full in dismissing a strike on count 2.

8

We conclude the trial court appropriately balanced defendant's drug history and PTSD as contributing to his crimes, and the laudable steps he took to improve his prospects since incarceration, against his criminal history, which is not only extensive but essentially coextensive with the times when defendant was not incarcerated. After evaluating and weighing these factors, the trial court found defendant was not outside the spirit of the Three Strikes law. On this record, we cannot say the court abused its discretion.

B.      *Senate Bill No. 81*

As defendant acknowledges, his argument that the trial court should have struck the prior strikes under the amendments to section 1385, subdivision (c) made by Senate Bill No. 81 falls afoul of this court's recent decision in *People v. Burke* (2023) 89 Cal.App.5th 237 (*Burke*).[5]

Section 1385, subdivision (c), as amended by Senate Bill No. 81, provides: "Notwithstanding any other law, the court shall dismiss an *enhancement* if it is in the furtherance of justice to do so, except if dismissal of that *enhancement* is prohibited by any initiative statute." (Italics added.) We held in *Burke*: "Subdivision (c) of section 1385 expressly applies to the dismissal of an 'enhancement.' [Citation.] 'Ordinarily words used in a statute are presumed to be used in accordance with their established legal or technical meaning.' [Citation.] The term 'enhancement' has a well-established technical meaning in California law. [Citations.] 'A sentence enhancement is "an additional term of imprisonment added to the base term." ' [Citations.] It is equally well established that the Three Strikes law is not an enhancement; it is an alternative

---

[5] Defendant also asks this court to apply Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) and Assembly Bill No. 2167 (2022-2023 Reg Sess.) (Stats. 2022, ch. 775, § 2). We have considered this legislation and determined that it does not alter our conclusions.

sentencing scheme for the current offense.  [Citations.]  We presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law.  [Citation.]  The Legislature did not otherwise define the word 'enhancement' in section 1385.  Because the statutory language is clear and unambiguous, we follow its plain meaning and do not consider the legislative history cited by defendant.  [Citation.]  The plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement.  We therefore conclude that section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law."  (*Burke, supra*, 89 Cal.App.5th at pp. 243-244, fn. omitted; accord *People v. Olay* (2023) 98 Cal.App.5th 60, 65-66 [agreeing with *Burke* that section 1385, subdivision (c) does not apply to the Three Strikes law]; *People v. Dain* (2024) 99 Cal.App.5th 399, 411 [same].)

Defendant urges us to reconsider *Burke* and apply section 1385, subdivision (c) to the Three Strikes law.  We decline to do so.  Every argument that defendant raises is answered in the paragraph from *Burke* quoted above, with the possible exception of defendant's invocation of "the rule of lenity," which "requires a court to prefer the interpretation [of a statute] that is more favorable to the defendant."  (*People v. Manzo* (2012) 53 Cal.4th 880, 889.)  However, defendant admits that the rule of lenity comes into play only where the statute is ambiguous, which is not the case here.  Moreover, "[t]he rule of lenity does not apply every time there are two or more reasonable interpretations of a penal statute.  [Citation.]  Rather, the rule applies ' "only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule." ' [Citation.]  In other words, 'the rule of lenity is a tie-breaking principle, of relevance when " 'two reasonable interpretations of the same provision stand in relative equipoise.' " ' " (*Ibid.*)  Defendant

10

does not identify any ambiguity, much less an egregious ambiguity that might justify application of the rule of lenity.[6]

Defendant's claim that the trial court should have dismissed the strikes under section 1385, subdivision (c) fails because that statute does not apply to the Three Strikes law.

### III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

MAURO, J.

_____

[6]  On appeal, defendant continues to contend, without the support of argument or authority, that the low term should be applied to both counts 1 and 2.  However, the statutory basis for this claim, section 1170, subdivision (b)(6), is not applicable to count 1 because the trial court did not base the minimum indeterminate sentence on the determinate term for robbery (§ 667, subd. (e)(2)(A)(i)), but rather selected 25 years as the minimum (§ 667, subd. (e)(2)(A)(ii)).  And in resentencing, the trial court did in fact impose the low term on count 2 under section 1170, subdivision (b)(6).