[No. D029078. Fourth Dist., Div. One. Oct. 5, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANKIE LLAMAS, Defendant and Appellant.

[No. D030807. Fourth Dist., Div. One. Oct. 5, 1998.]

In re FRANKIE LLAMAS on Habeas Corpus.

## COUNSEL

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Carl H. Horst and Gary W. Brozio, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BENKE, Acting P. J.**—Following his partially successful appeal,[1] second striker (Pen. Code,[2] § 667, subds. (b)-(i)) Frankie Llamas was sentenced on remand to seven years in prison: double the three-year middle term for possessing a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)), one year for a prior prison term (§ 667.5, subd. (a)), and stayed sentences for being a felon in possession of a firearm (§ 12021, subd. (a)) and possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)). In this appeal and petition for writ of habeas corpus, Llamas contends the court erred in resentencing him without obtaining a supplemental probation report. In his petition, he also contends counsel was ineffective for failing to request such a report. We disagree.

### BACKGROUND

The underlying offenses occurred in February 1995 and the trial and original sentencing took place in July and August, respectively. The probation officer prepared a report for the August sentencing. Defense counsel did not request a supplemental probation report for the May 15, 1997, resentencing, believing Llamas was entitled to nothing more than a custody update. Attached to the statement in mitigation, however, were a statement written

---

[1]See *People* v. *Llamas* (1997) 51 Cal.App.4th 1729 [60 Cal.Rptr.2d 357].

[2]All statutory references are to the Penal Code unless otherwise specified.

by Llamas citing his GED (general equivalency diploma) and 12.9 grade point average as well as 17 letters of support from family members and friends, including 2 offers of employment. The statement in mitigation also referred to "the attached reports of excellent progress in [Llamas's] computer studies [in prison]," although no such documents are in the record. The statement in mitigation additionally observed "[w]hen in custody, [Llamas had] made consistent efforts to improve himself."

The judge who resentenced Llamas presided at the original sentencing hearing but not at trial.[3] At resentencing, the court denied Llamas's motion requesting it exercise its discretion to dismiss his strike. Defense counsel submitted unspecified documents to the court, pointed out the numerous people present in support of Llamas, and stated Llamas had obtained his GED and taken six hours of college classes in prison and had employment awaiting his release. Llamas addressed the court, noting that in December 1995 while in custody he had begun studying to be a computer technician and was progressing well.

### DISCUSSION

██ Llamas contends the court erred in resentencing him without obtaining a supplemental probation report and counsel was ineffective because he failed to request such a report.

### *Waiver*

Preliminarily, respondent argues Llamas has waived his right to object to the absence of a supplemental probation report by failing to do so below.

██ "[T]he right to challenge a criminal sentence on appeal is not unrestricted. In order to encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts have *required* parties to raise certain issues at the time of sentencing. In such cases, lack of a timely and meaningful objection forfeits or waives the claim. [Citations.] These principles are invoked as a matter of policy to ensure the fair and orderly administration of justice. [Citation.]" (*People* v. *Scott* (1994) 9 Cal.4th 331, 351 [36 Cal.Rptr.2d 627, 885 P.2d 1040] [failure to challenge statement of sentencing reasons constitutes a waiver], original italics.)

Thus, presentation of the probation report in oral rather than written form (*People* v. *Girard* (1971) 15 Cal.App.3d 1005, 1008 [93 Cal.Rptr. 676]) and its untimely preparation (*People* v. *Evans* (1983) 141 Cal.App.3d 1019, 1021

---

[3]Defense counsel mistakenly believed the resentencing judge had presided at trial.

[190 Cal.Rptr. 633]) are matters waived by failure to object. (*People* v. *Scott, supra,* 9 Cal.4th at p. 352, fn. 15.) Furthermore, "[i]t is settled that failure to object and make an offer of proof at the sentencing hearing concerning alleged errors or omissions in the probation report waives the claim on appeal." (*People* v. *Welch* (1993) 5 Cal.4th 228, 234 [19 Cal.Rptr.2d 520, 851 P.2d 802] [failure to object to probation conditions operates as a waiver].) ▮▮▮ Here, a timely objection to the absence of a supplemental report would have permitted the court to consider the issue and order a report or explain why none was necessary. (Cf. *id.* at p. 235.) Either course might have prevented this appeal and petition. (*Ibid.*)

Llamas maintains section 1203, subdivision (b)(4) provides the preparation of a probation report may be waived only by written stipulation filed with the court or oral stipulation entered in the minutes. This stipulation requirement, however, is predicated upon section 1203, subdivision (b)(1), which refers to "a person . . . eligible for probation." As discussed below, Llamas was ineligible for probation. Thus, section 1203, subdivision (b)(4) is inapplicable. We conclude Llamas has waived his right to object to the absence of a supplemental report by failing to do so in the trial court. In any event, as we discuss below, he cannot prevail on the merits.

*Supplemental Probation Report*

Llamas was statutorily ineligible for probation due to his strike. (§ 667, subd. (c)(2).) A probation report was therefore discretionary. (*People* v. *Bullock* (1994) 26 Cal.App.4th 985, 989 [31 Cal.Rptr.2d 850]; *People* v. *Tatlis* (1991) 230 Cal.App.3d 1266, 1272-1273 [282 Cal.Rptr. 55]; § 1203, subd. (g); Cal. Rules of Court,[4] rule 411(a) & (b).[5]) Rule 411(c) does not compel a different result, as Llamas urges. ▮▮▮ Its only reasonable interpretation, reading it in light of rule 411(a) and (b), is that a supplemental

---

[4]All rule references are to the California Rules of Court.

[5]Rule 411 states:

"(a) [Eligible defendant] If the defendant is eligible for probation, the court shall refer the matter to the probation officer for a presentence investigation and report. Waivers of the presentence report should not be accepted except in unusual circumstances.

"(b) [Ineligible defendant] Even if the defendant is not eligible for probation, the court should refer the matter to the probation officer for a presentence investigation and report.

"(c) [Supplemental reports] The court shall order a supplemental probation officer's report in preparation for sentencing proceedings that occur a significant period of time after the original report was prepared.

"(d) [Purpose of presentence investigation report] Probation officers' reports are used by judges in determining the appropriate length of a prison sentence and by the Department of Corrections in deciding upon the type of facility and program in which to place a defendant, and are also used in deciding whether probation is appropriate. Section 1203c requires a probation officer's report on every person sentenced to prison; ordering the report before sentencing in probation-ineligible cases will help ensure a well-prepared report."

report is required only if the defendant is eligible for probation. ▉ Similarly, section 1203, subdivision (g) expressly states that as to a defendant ineligible for probation, "[t]he judge, in his or her discretion, may direct the probation officer to investigate all facts relevant to the sentencing of the person." Section 1203c, which Llamas claims mandates a report, in fact refers to a postsentencing report by the probation officer to the Department of Corrections.

Llamas has failed to show the court abused its discretion in failing to order a supplemental probation report (*People* v. *Bullock, supra,* 26 Cal.App.4th at p. 990) or that any prejudice resulted (*People* v. *Begnaud* (1991) 235 Cal.App.3d 1548, 1556, fn. 7 [1 Cal.Rptr.2d 507]).[6] He claims a supplemental report would have "clearly delineat[ed]" his achievements in prison, shown his lack of disciplinary problems, and set forth "the results of a possible interview with . . . one of [his] teachers."[7]

Attached to Llamas's petition are four documents: three prison vocational training report cards (all attesting to his outstanding performance) and a certificate of completion. These documents may comprise the unidentified documents counsel submitted to the court at resentencing and the reports concerning Llamas's prison studies cited in the statement in mitigation. Furthermore, both Llamas and his attorney told the court of his prison studies. The original probation report, to which the resentencing court referred, recited Llamas's lengthy and violent criminal record and noted he had earned his GED in prison and completed nine units of college classes. Thus, the information Llamas asserts was missing due to the lack of a supplemental report was available to the resentencing court in other forms.

A probation report is advisory only. (*People* v. *Warner* (1978) 20 Cal.3d 678, 683 [143 Cal.Rptr. 885, 574 P.2d 1237].) Nothing would have been

---

[6]"Who better than defendant would know whether a supplemental report disclosing his post-conviction behavior would disclose a basis for reducing the term of imprisonment upon resentencing? One might infer from the failure to request a supplemental report or to object to the court's proceeding without one that defendant knows the report will not benefit him. From this one could infer not only that the error is harmless but also that defendant knowingly waived his right to a supplemental probation report. [Citation.] A defendant should not be allowed to stand silent when the court proceeds without a supplemental probation report, gamble that a trial court will impose a lesser term of imprisonment and then urge reversal for the failure to obtain the report without being required to make some showing that he was prejudiced thereby." (*People* v. *Begnaud, supra,* 235 Cal.App.3d at p. 1556, fn. 7.)

[7]Conversely, there are cases where the defendant may well not want a supplemental report. For example, he may have had problems in prison that he would prefer not be presented to the sentencing court. In such a situation, defense counsel could opt to place the defendant's better side before the court by presenting only the matters he wanted it to consider. Thus, in effect, the discretionary nature of supplemental reports gives the defendant a chance to present his best side.

added to Llamas's efforts to persuade the court to dismiss his strike and make more lenient sentencing choices had a supplemental report reiterated information conveyed by other sources (Llamas's statement, the show of support from family and friends, counsel's argument and documentation, the statement in mitigation, and the original probation report). Moreover, we must presume the court was aware of its discretion under *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] to dismiss the strike.[8]

Because Llamas has not demonstrated he was prejudiced by the absence of a supplemental report, he has failed to substantiate his claim of ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland* v. *Washington* (1984) 466 U.S. 668, 694 [104 S.Ct. 2052, 2068, 80 L.Ed.2d 674].) The court did not err in resentencing Llamas without obtaining a supplemental probation report. Its asserted failure to award proper credits is of no import in view of Llamas's acknowledgment this matter has been corrected.

### DISPOSITION

Judgment affirmed; petition denied.

Huffman, J., concurred. McIntyre, J., concurred in the result.

A petition for a rehearing was denied October 22, 1998, and appellant's petition for review by the Supreme Court was denied January 27, 1999.

---

[8]If, as Llamas suggests, a supplemental report is needed so the court can determine whether to exercise its discretion to dismiss a strike under section 1385, then the court could never decline to order such a report if a strike were alleged. This clearly is not the law.