Filed 12/17/14  P. v. Farrell CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TIMOTHY JEROME FARRELL,<br><br>    Defendant and Appellant. | D065137<br><br><br>(Super. Ct. No. SCD250845) |


APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Law Office of Johanna S. Schiavoni and Johanna S. Schiavoni, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

Timothy Jerome Farrell appeals after the trial court denied his motion to strike his serious/violent felony prior conviction and sentenced him to prison.  He contends that although the trial court had a full probation report and a written motion to strike the prior

convictions, the court should have ordered a supplemental probation report on its own motion. From that faulty premise, appellate counsel reasons it is likely the trial court would have granted the motion to strike the prior conviction and would have granted Farrell probation. We will find the argument, on this record, to be wholly without merit and affirm the judgment.

Farrell entered a guilty plea to petty theft after a theft-related prior conviction (Pen. Code,[1] §§ 484, 666). He also admitted a serious/violent felony prior conviction within the meaning of section 667, subdivisions (b) through (i) (strike prior).

The prosecution made no promises to induce the plea, however the trial court stated it would "strongly consider" dismissing the strike prior and grant probation.

Farrell filed a motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero* motion). At sentencing the trial court denied the *Romero* motion and also denied probation. Farrell was sentenced to a determinate term of 32 months in prison (the low term doubled because of the strike prior). Farrell filed a timely notice of appeal and obtained a certificate of probable cause (§ 1237.5).

STATEMENT OF FACTS

Farrell entered a Ralph's grocery store and placed several items worth approximately $250 in a shopping bag and left the store without paying for the items.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

DISCUSSION

Farrell's challenge to his sentence is based on several contentions. First, he argues the probation report was insufficient because it advised the court that Farrell was absolutely ineligible for probation, based on his admission of a strike prior. Based on that assertion Farrell argues the court was not fully informed of its sentencing options regarding Farrell's suitability for probation and therefore the court had a sua sponte duty to order a supplemental probation report. The conclusion counsel posits from this syllogism is that the court would have likely granted his *Romero* motion and we should remand the case for resentencing.

First, the premises upon which the argument is based are faulty because the probation report, coupled with the information in the defendant's *Romero* motion, fully informed the trial court of Farrell's criminal history, his health issues and the nature of his strike prior conviction, thus fully informing the trial court of the facts needed to make a reasoned decision.

Finally, Farrell has provided no authority that would support imposing a sua sponte duty on trial courts to order supplemental reports in original sentencings.

A. Background

At the time of his guilty plea, Farrell was advised that the court was going to seriously consider striking the serious/violent felony prior conviction. The court also advised Farrell that in the event the court did not strike the prior conviction that Farrell would be sent to prison and that the minimum time would be 32 months. As we have noted, after a full hearing the trial court denied the *Romero* motion and sentenced Farrell

3

to the minimum term in prison. Notably, Farrell does not challenge his guilty plea. Nor does Farrell contend the trial court's decision to deny the *Romero* motion was an abuse of discretion.

Prior to sentencing, the trial court ordered a full probation report. The probation report recited the preplea representations the court made to Farrell about the possibility of probation. The report also reminded the court that one plan discussed at the time was for Farrell to look into screening for possible residency in Granite Hills Health Care Center. The report also discussed the facts of the current offense, Farrell's criminal history, including the facts of the strike prior, and Farrell's dismal performance on probation and parole.

Much of the focus of this appeal is directed at the probation officer's statement that Farrell is "absolutely ineligible for probation," which was factually accurate as long as the strike prior remained. (§ 667, subd. (c)(2).) However, the report continued and discussed possible alternatives:

> "Even if the defendant is deemed an appropriate candidate for probation, it is his admission to a strike prior in this case which has made him absolutely ineligible for probation. [¶] Therefore, it is recommended that the defendant be denied probation and be committed to the Department of Corrections and Rehabilitation for a term of 32 months, which would accomplish the general objectives for sentencing, protecting society, appropriately punishing the defendant and providing deterrent [sic] to others from criminal conduct by demonstrating its consequences. [¶] The undersigned is cognizant that in the plea agreement the court has indicated it will consider striking the strike and placing the defendant on probation. If this is the course of action for the court, alternative recommendations can be made available for today's hearing. *However, given the defendant is already on parole supervision and will be so until 11/18/2015 and to avoid duplication of services, the*

4

*recommendation would be for the defendant to be granted felony probation to the court."* (Italics added.)

Farrell's *Romero* motion contained a good deal more information on his background, his medical and family history and the nature of his current serious illness and necessary medication. The motion also contained copies of the medication records for Farrell from the Sheriff's Department.

During the hearing on the *Romero* motion there was no objection to the probation report, request for time to produce additional information and certainly no request for a supplemental probation report.

## B. Legal Principles

Farrell contends the court had a sua sponte duty to request a supplemental probation report. Farrell does not cite any authority to support a sua sponte duty and our research has found none. Rather, Farrell relies on a group of cases that involve the question of whether, after reversal on appeal, a trial court should obtain an updated probation report before resentencing. That is, however, not the situation presented to the trial judge here.

Farrell relies on *People v. Tatlis* (1991) 230 Cal.App.3d 1266, 1273-1274, *People v. Bullock* (1994) 26 Cal.App.4th 985 and *People v. Rojas* (1962) 57 Cal.2d 676, 80-82. All of those cases involved remands for sentencing after reversal on appeal. In both *Rojas* and *Tatlis* there were requests for updated probation reports due to the passage of time while the cases were on appeal. The court in *Bullock, supra*, at page 990, declined

5

to require a supplemental probation report on remand where the defendant was ineligible for probation.

In *People v. Llamas* (1998) 67 Cal.App.4th 35, 37-38 (*Llamas*), this court dealt with a remand for resentencing following appeal. The defendant, who was ineligible for probation because of a strike, asked the trial court to strike the prior conviction. On appeal the defendant argued the court should have ordered a supplemental probation report, even though defense counsel had submitted additional material to the trial court prior to its ruling. This court rejected the contention. There we noted the trial court had all of the needed information before it. We observed: "Nothing would have been added to Llamas's efforts to persuade the court to dismiss his strike and make more lenient sentencing choices had a supplemental probation report reiterated information conveyed by other sources (Llamas's statement, the show of support from family and friends, counsel's argument and documentation, the statement in mitigation, and the original probation report). Moreover, we must presume the court was aware of its discretion [citation] to dismiss the strike." (*Id*. at pp. 40-41.)

## C. Analysis

In this case the court had a current probation report that fully detailed the information the court needed to consider Farrell's offenses, background and suitability for probation. Like the court in *Llamas, supra,* 67 Cal.App.4th 35, the court also had extensive material from defense counsel in mitigation and in support of the motion to strike the prior. Indeed, the probation report recognized the court's preplea comments and offered alternatives if the court decided to strike the prior. Nothing would have been

6

added by yet another probation report, and nothing has been demonstrated on appeal that would support an inference that a different outcome would have happened if a supplemental report had been provided. There is nothing in this record to support a reversal of the trial court's decision.[2]

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


McDONALD, J.


AARON, J.

---

[2] Since we have resolved this case on the merits, it is unnecessary to address Farrell's alternate claim of ineffective assistance of counsel, which he raised in the event we found forfeiture.