Filed 12/12/23  P. v. Citizen CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SHAMREN KE SEAN CITIZEN,<br><br>    Defendant and Appellant. | D082213<br><br><br>(Super. Ct. No. RIF2001272) |


APPEAL from a judgment of the Superior Court of Riverside, Stephen J. Gallon, Judge.  Affirmed.

Richard Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

## I. BACKGROUND

Appellant Shamren Ke Sean Citizen robbed three people over the course of three consecutive days in May 2020.  Shortly after charges were filed, appellant's counsel requested suspension of the proceedings to determine appellant's competency.  The court found appellant competent to stand trial, and appellant began representing himself after proceedings resumed.  Appellant continued to do so until just before the matter was to be tried, when the court found him not competent to represent himself.  The court continued trial and reappointed counsel, and counsel represented appellant for the remainder of the case.

The jury convicted appellant of three counts of robbery (Pen. Code[1], § 211), two of which were in the first degree (§ 212.5, subd. (b)) and committed with a gun (§ 12022.53, subd. (b)).  The court sentenced appellant to 18 years 8 months in prison calculated as follows: the low term (3 years) and gun enhancement (10 years) for count 1; one-third of the midterm (1 year 4 months) and gun enhancement (3 years 4 months) for count 2; and one-third of the midterm (1 year) for count 3.  Although appellant committed the offenses while released on bail, the court stayed imposition of the enhancement for that circumstance (§ 12022.1).

On appeal, appellant claims the court had a sua sponte duty to consider mental health diversion, the gun enhancement on count 2 should have been dismissed, and his sentence was based on an outdated probation report.  We disagree with each of these claims and affirm the judgment.

---

[1]    All further statutory references are to the Penal Code.

## II. DISCUSSION

### A. Mental Health Diversion

Section 1001.36 authorizes mental health diversion, which postpones prosecution so a defendant can undergo mental health treatment. (§ 1001.36, subd. (f)(1).)[2] Appellant argues that even though he did not request mental health diversion, the court should have considered it on its own because he had documented mental health issues, he represented himself for most of the proceedings, and he should not be expected to ask for diversion.

"Competent defendants are capable of, and required to, request diversion, consent to it, demonstrate their eligibility, waive the right to a speedy trial, and agree to comply with treatment. (§ 1001.36, subd. (c)(2) & (3).) 'Nowhere ... does the scheme mandate a sua sponte duty for trial courts to consider mental health diversion' ...." (*People v. Braden* (2023) 14 Cal.5th 791, 814.) "The general rule is that defendants who validly choose to represent themselves are charged with knowing the law," and a defendant's "pro se status is therefore not a ground for excusing his failure to seek mental health diversion in a timely manner." (*Id.* at p. 818, fn. 15.)

The law required appellant to seek mental health diversion because he was competent to stand trial. Although he represented himself at times and that right was ultimately revoked, counsel represented appellant during two portions of the pretrial proceedings that highlighted his mental health. Counsel requested suspension of proceedings in the beginning of the case to determine appellant's competency, and counsel was reappointed three months before trial when the court determined appellant's mental illness

---

[2] Section 1001.36 has been amended several times since charges were filed against appellant (Stats. 2022, ch. 47, § 38; Stats. 2022, ch. 735, § 1; Stats. 2023, ch. 236, § 1), but these amendments are not relevant to whether the court has a sua sponte duty to consider mental health diversion.

precluded self-representation. Appellant's attorneys were therefore aware of his mental health and decided not to seek mental health diversion. Under these circumstances, the court was not required to consider mental health diversion on its own, and there was no error under Section 1001.36.

### B. Dismissal of Gun Enhancement

Appellant argues the gun enhancement on count 2 should have been dismissed because subdivision (c)([2])(B) of section 1385 prohibits multiple enhancements. In the alternative, appellant asserts the matter should be remanded so the court can consider whether dismissing this enhancement would endanger public safety.

Appellant forfeited this issue because he did not raise it in the trial court. (*People v. Boyce* (2014) 59 Cal.4th 672, 730–731.) In any event, as Appellant acknowledges, several cases have rejected the claim that multiple enhancements are prohibited. (*People v. Anderson* (2023) 88 Cal.App.5th 233, 239–241, review granted April 19, 2023, S278786 (*Anderson*); *People v. Mendoza* (2023) 88 Cal.App.5th 287, 295–297; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 17–21; *People v. Walker* (2022) 86 Cal.App.5th 386, 396–398, review granted Mar. 22, 2023, S278309 (*Walker*).)[3] We agree with these cases and decline to depart from them.

Additionally, the request to remand for consideration of appellant's danger to public safety lacks merit. That consideration was not formulated in case law decided after appellant's sentencing as he suggests. Instead, it

---

[3] The California Supreme Court has granted review in *Anderson* and *Walker* to determine a separate issue, which is whether subdivision (c) of Penal Code section 1385 creates a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety. (*Anderson, supra*, 88 Cal.App.5th 233, review granted; *Walker, supra*, 86 Cal.App.5th 386, review granted.)

4

comes from the plain language of subdivision (c) of section 1385 which existed at the time of sentencing.[4] There is no indication the court was unaware of or confused by this language, so we presume it knew and applied the correct law. (*People v. Thomas* (2011) 52 Cal.4th 336, 361.)

For these reasons, we see no basis for reversal on this ground.

*C. The Probation Report*

A probation officer prepared a sentencing report for appellant on August 21, 2021. Approximately seven months later, on March 14, 2022, the Judicial Council amended Rule 4.423 of the California Rules of Court, adding new mitigating circumstances a sentencing judge must consider. The court sentenced appellant five months later on August 19, 2022. Based on this timeline, appellant argues he was sentenced on an outdated probation report, preventing consideration of the new mitigating circumstances in Rule 4.423.

Although appellant did not raise this issue below, we review it through his claim of ineffective assistance of counsel. To prevail on this claim, appellant must show deficient performance by his counsel that affected the outcome. (*People v. Rices* (2017) 4 Cal.5th 49, 80.)

We do not know why appellant's counsel did not request a supplemental probation report. Therefore, deficient performance can only be established if counsel's actions had no conceivable tactical purpose. (*People v. Arredondo* (2019) 8 Cal.5th 694, 711.) "[T]here are cases where the defendant may well not want a supplemental report. For example, he may have had

---

4 Appellant was sentenced on August 19, 2022. The pertinent provisions subdivision (c) of section 1385 have been in effect since January 1, 2022 (Stats. 2021, ch. 721, § 1) and state, "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, *unless the court finds that dismissal of the enhancement would endanger public safety.*" (§ 1385, subd. (c)(2), emphasis added.)

problems in prison that he would prefer not be presented to the sentencing court." (*People v. Llamas* (1998) 67 Cal.App.4th 35, 40, fn. 7.) This establishes a potential tactical reason for not requesting a supplemental report and defeats the claim of ineffective assistance of counsel.

We are also not convinced counsel and the court disregarded the relevant new mitigating circumstances in California Rules of Court, rule 4.423. Appellant acknowledges only five of them might apply. They are psychological trauma, mental illness, defendant under 26 years of age, multiple enhancements alleged in a single case, and discriminatory racial impact from an enhancement. (Cal. Rules of Court, rule 4.423(b)(3), (b)(4), (b)(6), (b)(11) & (b)(12).)

We first note that these five circumstances are deemed considered because the record does not affirmatively reflect otherwise. (Cal. Rules of Court, rule 4.409.)

Further, in arguing for a lower sentence, appellant's counsel relied on appellant's psychological deterioration from concussions, his mental illness as documented by his mother and the two reports from clinical psychologists used to determine appellant's competency, his substance abuse, and his youth. Appellant's counsel also argued all three enhancements were discretionary and sought dismissal of the two gun enhancements. The court agreed appellant's mental health was mitigating, resulting in the low term for count 1. The court declined to dismiss the gun enhancements, finding the use of a gun on two separate occasions was dangerous and traumatized the victims, but stayed imposition of the bail enhancement. The record therefore reflects that psychological trauma, mental illness, appellant's age under 26, and the potential for multiple enhancements were addressed.

As for the remaining circumstance, discriminatory racial impact from an enhancement, appellant asserts that it "could very well apply" because he is African American.  Without citation, he refers to a comment from a senator regarding Senate Bill No. 81[5] that African Americans have been disproportionately targeted with enhancements.  However, appellant offers no explanation or evidence of how his gun enhancements resulted in a more severe sentence than that imposed on similarly situated individuals of a different race.  He has therefore not shown this circumstance applies, demonstrating counsel did not need to address it at sentencing.

Consequently, appellant has not shown error regarding the probation report or the latest amendment to California Rules of Court, rule 4.423.

### III. DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

DATO, J.

DO, J.

---

[5]     Senate Bill No. 81 amended section 1385 to specify mitigating circumstances courts should consider when deciding whether to strike enhancements in the interest of justice.  (Stats. 2021, ch. 721, § 1.)