Filed 9/12/24  P. v. Harris CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AYUKO MEDICO HARRIS,<br><br>    Defendant and Appellant. | A169703<br><br>(Solano County<br>Super. Ct. No. FCR330003) |

Defendant and appellant Ayuko Medico Harris (appellant) appeals following the trial court's finding of a probation violation and imposition of global positioning system (GPS) monitoring as an additional condition of probation.  We affirm.

## BACKGROUND

In November 2017, the Solano County District Attorney filed an information charging appellant with sexual penetration of a child under the age of 10 (Pen. Code,[1] § 288.7, subd. (b); counts 1 and 2); lewd act on a child under the age of 14 (§ 288, subd. (a); count 3); lewd act on a child of 14 or 15 years by a person at least 10 years older (§ 288, subd. (c)(1); counts 4 and 5);

---

[1] All undesignated statutory references are to the Penal Code.

attempted oral copulation on a person under the age of 18 (§§ former 288a,[2] 664; count 6); annoying or molesting a child (§ 647.6, subd. (a); count 7); and disobeying a court order (§ 273.6, subd. (a); count 8).[3]

In February 2022, pursuant to a plea bargain, the information was amended to charge appellant with sexual penetration of a person under the age of 18 (§ 289, subd. (h); count 9). Appellant pled no contest to that count and the remaining charges were dismissed. In July 2022, the trial court placed appellant on three years' probation, with terms including 333 days in jail and sex offender registration.

In April 2023, the probation department filed a report of a probation violation.[4] The report recommended imposition of GPS monitoring as an additional term of probation. In August, appellant filed an objection to the alleged probation violation and GPS monitoring.

In August 2023, the trial court held a hearing and found appellant in violation of probation for failing to notify the probation officer of changes to his employment within 48 hours. In January 2024, the trial court modified the probation conditions by requiring GPS monitoring and forbidding

---

[2] Renumbered as section 287, effective January 2019. (Stats. 2018, ch. 423, § 49.)

[3] It is unnecessary to detail the facts of the alleged underlying offenses to resolve the present appeal. In short, according to the probation report, appellant was alleged to have molested the victim for years, beginning when the victim was eight or nine years old.

[4] The initial report alleged that appellant was late in registering as a sex offender. Subsequently, in the points and authorities in support of modification of probation, respondent alleged, among other things, that appellant had failed to "notify the [probation] officer of any changes to his employment and residence in writing within 48 hours of the change."

appellant from obtaining employment that allows him into private residences. The present appeal followed.

DISCUSSION

I. *Substantial Evidence Supports The Trial Court's Probation Violation Finding*

Appellant's terms of probation required him "to advise probation of any change in his employment or residence location, in writing, within 48 hours." Appellant contends insufficient evidence supports the trial court's finding he violated that requirement because his employment lasted less than 48 hours. We reject the claim.

The prosecution has the burden of proving by a preponderance of the evidence that a defendant has violated a condition of probation. (*People v. Quarterman* (2012) 202 Cal.App.4th 1280, 1292.) On appeal, we review the trial court's factual findings for substantial evidence. (*People v. Butcher* (2016) 247 Cal.App.4th 310, 318.)

A. *Relevant Factual Background*

Deputy Probation Officer Susana Ruano began supervising appellant in July 2022. She met with appellant in August, and he informed her that he was homeless. Appellant had previously provided an address in Vacaville to the probation officer who prepared the presentence report.

In December 2022, probation officers searched appellant's truck and found an ID badge issued to appellant. At a meeting in January 2023, in response to questioning by Ms. Ruano, appellant said "[t]hat he had previously been employed at a school, and that he quit or he was no longer working there." Appellant had not previously told her about the employment.

Appellant testified that he had very briefly been employed by a vocational college called "UEI." Appellant was a heating, ventilation, and air conditioning specialist in the military. In December 2022, he was hired by

3

UEI, issued an identification badge, and attended a training session that lasted a couple of hours. He was terminated the next day due to the present case. Appellant did not inform Ms. Ruano of the employment or termination until she asked him about it. He did not do so because the employment lasted less than 48 hours.

The trial court found appellant violated probation by failing to report the change in his employment.

B.    *Analysis*

Appellant argues that "[i]t makes no sense to take the position that appellant violated the 48 hour notice rule if the employment lasted less than the time period appellant had to report it to his probation officer." However, as respondent points out, "The condition required appellant to advise probation of 'any' employment change in writing 'within' 48 hours. There is no indication in the condition's language or the record that employment lasting less than 48 hours is exempt from this requirement." We agree that is " 'the meaning that would appear to a reasonable, objective reader.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 382 (*Olguin*).)[5]

Appellant argues respondent's interpretation is illogical because "[t]he purpose of the notice of employment requirement was to assist the probation officer in monitoring appellant's whereabouts." But appellant cites no authority that was the *only* purpose of the requirement. In order to effectively supervise probationers and deter future criminality, it is reasonable for probation officers to be informed of even brief periods of employment and *any* terminations of employment. (See *Olguin*, *supra*,

---

[5] Although the parties do not address the issue, we presume for purposes of the present decision that we independently determine the meaning of the probation condition.

4

45 Cal.4th at pp. 380–381 ["A condition of probation that enables a probation officer to supervise his or her charges effectively is . . . 'reasonably related to future criminality.' "].)

Appellant concedes he "testified that he was issued the school identification card and then terminated from employment the next day." Appellant's testimony alone constitutes substantial evidence supporting the trial court's finding that he violated probation.

II. *The Trial Court Did Not Abuse Its Discretion in Requiring GPS Monitoring*

The trial court's determination that appellant violated probation and the court's subsequent sentencing decision are separate matters. Section 1203.1, subdivision (j) provides, "should the probationer violate any of the terms or conditions imposed by the court in the matter, it shall have authority to modify and change any and all such terms and conditions." We review the trial court's decision to require GPS monitoring for an abuse of discretion. (*People v. Moran* (2016) 1 Cal.5th 398, 403.)

Appellant argues any violation of the employment reporting requirement was "truly trivial and insignificant." Standing alone, the violation was not clearly significant, although the violation was more problematic because appellant never voluntarily informed probation of the employment and termination—instead, he only admitted it after his ID badge was discovered and the probation officer directly asked him about it. In any event, we need not determine whether the violation alone provides sufficient support for the trial court's sentencing decision, because other circumstances described in the probation department's reports also support that decision.

In particular, prior to the original sentencing in July 2022, appellant provided an address in Vacaville and stated that he had been living there since 2017 and "plans to remain at this address." But in August 2022, after

being placed on probation, he told his probation officer that he was homeless and residing in his car in Fairfield. He was unable to state where he parked his vehicle, explaining that he parked somewhere different every night. He repeatedly declined assistance with housing. A search of appellant's vehicle "provided no evidence of anyone residing in the vehicle, as it was clean and clear of any personal property which would indicate a person was sleeping in it." Also, appellant's cell phone contained e-mails referencing "work done by him in exchange for money and large amounts of money exchanged between himself and multiple parties," but appellant "denied working or earning any money." Finally, a January 2024 supplemental report noted that, when asked about the trial court's finding of a probation violation, appellant indicated that "he did not think he did anything wrong" and that "he will '*try*' and advise Probation of any changes in employment or residence, but he is *not good at communicating*." (Italics added.)

The probation department relied upon the totality of the circumstances in recommending GPS monitoring, observing that appellant "has not been forthcoming regarding his whereabouts at any given point in time while on probation. . . . [¶] [Appellant] has a history of sexually and physically assaultive offenses, and he poses a risk to the safety of the community. There are serious concerns with [appellant] being in an unknown location while in the community."

In his reply brief, appellant points out that the additional circumstances detailed in the probation reports were not included in Probation Officer Ruano's testimony. However, "The probation report is generally a proper source of information upon which judicial discretion may be exercised when a defendant is arraigned for sentencing." (*People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 725.) Furthermore, "It is settled that failure to

object and make an offer of proof at the sentencing hearing concerning alleged errors or omissions in the probation report waives the claim on appeal." (*People v. Welch* (1993) 5 Cal.4th 228, 235; accord, *People v. Llamas* (1998) 67 Cal.App.4th 35, 39.) Appellant cites no authority to the contrary, and appellant fails to explain why the additional circumstances in the probation reports provide insufficient support for the trial court's decision.

Given the totality of the circumstances, including appellant's lack of transparency in his dealings with probation and the change from appellant having a fixed address to having no address, the trial court could reasonably conclude GPS monitoring was necessary to effectively monitor appellant on probation. Therefore, appellant has failed to show the trial court abused its discretion in imposing GPS monitoring as an additional probation condition.[6] Neither has appellant shown the GPS monitoring requirement is unconstitutional (a question we review de novo).

## DISPOSITION

The trial court's judgment is affirmed.

SIMONS, J.

WE CONCUR:

JACKSON, P. J.
CHOU, J.

---

[6] Appellant references the proposition that a change in circumstances is required before a court has jurisdiction to modify the conditions of probation. (*People v. Leiva* (2013) 56 Cal.4th 498, 505; see also *People v. Cookson* (1991) 54 Cal.3d 1091, 1095 [" 'An order modifying the terms of probation *based upon the same facts* as the original order granting probation is in excess of the jurisdiction of the court, for the reason that there is no factual basis to support it.' "].) Here, the violation of probation and the additional circumstances described in the probation department's reports constituted a change of circumstances.