Filed 6/4/25  P. v. McPherson CA4/2

*See attached concurrence.*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083532 |
| v. | (Super.Ct.No. SWF1400428) |
| DAVID RONALD MCPHERSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John M. Monterosso, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Britton B. Lacy and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant David Ronald McPherson appeals from the trial court's decision affording him some resentencing relief under Penal Code section 1172.1,[1] subdivision (a)(1), but declining to strike his 5-year "nickel prior" serious felony enhancement (§ 667, subd. (a)). At resentencing, the court reduced by eight months defendant's original sentence of 16 years eight months, despite noting "a list of prior parole violations . . . more numerous than I can count" and an absence of "remorse or misgivings for the extensive criminal behavior that led him to this prison commitment." As we explain *post*, defendant fails to establish the court abused its discretion in declining to strike his nickel prior. Nor did the court err in not ordering a probation report for the hearing. We therefore affirm the trial court's resentencing order.

## BACKGROUND

In October 2017, to resolve charges on 15 felony counts and two misdemeanors, with six prior prison terms alleged, plus a prior serious felony, and a prior strike for assaulting a peace officer with a weapon, defendant agreed to plead guilty to all counts and admit the priors in exchange for a sentence of 16 years eight months. Defendant's exposure before reaching the agreement had been 49 years eight months in prison.[2]

---

[1] All further statutory references are to the Penal Code, unless specified otherwise.

[2] Specifically, defendant pled guilty to: seven counts of taking a vehicle without the owner's consent as a repeat offender (counts 1, 2, 4, 5, 9, 10, 11; Veh. Code, § 10851, subd. (a); Pen. Code, § 666.5, subd. (a)); burglary (count 3; Pen. Code, § 459); two counts of evading arrest (counts 6, 8; Veh. Code, 2800.2); robbery with the personal use of a dangerous or deadly weapon (count 7; Pen. Code, §§ 211, 12022, subd. (b)(1), 1192.7, subd. (c)(23)); two counts of being a convicted felon and narcotics addict in

*[footnote continued on next page]*

2

At sentencing, the trial court explained that the math for the plea terms it and the parties had discussed was off by eight months, which, unmodified, would result in a sentence of 16 years. In order to "get to" a total term of 16 years eight months, the court offered to also resolve in that aggregate sentencing figure defendant's pending probation violation case—in essence sentencing defendant to an "additional eight months [for] his probation case" (case No. SWF1201190). In that case, the underlying conviction was for purchase/receipt of stolen property, apparently a trailer (§ 496d, subd. (a)). The court's comments indicate it believed defendant had entered a plea agreement for a term of six years for that offense, which was suspended in favor of granting defendant probation. Defendant agreed with the court's proposal to include his probation case in the indicated sentence.

The trial court then sentenced defendant to the agreed, aggregate term of 16 years eight months on both cases. The court's calculation and imposition of the total sentence included, from defendant's original case (case No. SWF1400428), defendant's prior strike to double the terms imposed, plus five years for his nickel prior, and all six of the

possession of a firearm (counts 12, 14; Pen. Code, § 29800, subd. (a)(1)); possession of methamphetamine in jail (count 13; Pen. Code § 4573); possession of methamphetamine while armed with a loaded gun while released on bail (count 15; Health & Saf. Code, § 11370.1; Pen. Code, § 12022.1); misdemeanor obstructing an officer (count 16; Pen. Code, § 148, subd. (a)(1)); and misdemeanor possession of methamphetamine (count 17; Health & Saf. Code, § 11377, subd. (a)).

Defendant's admitted priors consisted of six previous prison commitments (§ 667.5, subd. (b)), a prior serious felony conviction (§ 667, subd. (a)), and a strike prior for assaulting a peace officer with a weapon (§§ 245, subd. (c), 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

3

prison priors remained stricken. Also in defendant's favor at sentencing, the court dismissed charges in three pending misdemeanor cases.

In October 2023, the Office of the Secretary of the California Department of Corrections and Rehabilitation (CDCR) recommended in a letter to the superior court that the court consider recalling defendant's sentence under section 1172.1, subdivision (a)(1), and resentencing him. Defendant's "earliest possible release date" under his current sentence was January 16, 2026. The letter also highlighted that while courts previously had been barred from striking prior serious felony conviction enhancements (§ 667, subd. (a)), they were now permitted to do so (§ 1385).

The Secretary's letter included a summary of defendant's commitment offenses in both case numbers under which he was sentenced, his lengthy prior criminal history and repeated parole violations, plus numerous certificates for training defendant received in prison, positive work supervisory reports, and milestones reached. The letter noted two positive "General Chrono[s]" during defendant's six years of incarceration, one for participating in "Criminal and Gang Members Anonymous" (CGA) for 12 weeks, and the other for completing 15 sessions of parenting classes. Defendant had "remained disciplinary free during this term of incarceration" and had "no active or potential holds, warrants, or detainers."

Notified that CDCR recommended him for resentencing consideration, defendant filed a brief requesting a sentence reduction to an aggregate term of 11 years eight months, to be achieved by striking his nickel prior. Defendant added to CDCR's letter for the court's consideration only a photograph of himself in an embrace with a person with

whom he had found "stability in a relationship," who could "facilitate housing" if he were released from custody.

The court agreed to recall defendant's sentence and to reduce defendant's sentence, but not by as much as he sought. The court made several observations in reaching its conclusion, including the following in defendant's favor: "He has completed numerous college courses. He has completed numerous trainings. He has also remained discipline free during his term of incarceration. [A]nd there are no pending disciplinary actions."

The court commented, however: "What does not appear anywhere, which disappoints me, is any attestation as to whether or not Mr. McPherson has ever expressed remorse or misgivings for the extensive criminal behavior that led him to this prison commitment. [T]here's nothing in here from any counselors or therapists or anybody else to indicate the defendant has done anything to address the particular genesis or motivating factors that led to the extensive number of criminal convictions."

The court noted further: "The documentation . . . includes a list of prior parole violations which were more numerous than I can count. What that tells me is that in the past, after previous incarcerations, the defendant has repeatedly violated parole and been returned to state prison on at least ten occasions, as I count, in this particular case. The Department of Corrections provides no information to the Court whatsoever to give the Court confidence that that won't reoccur if he were released early." Also concerning to the court in "regards to the prior convictions, there [is] violence. There is a violent

5

conviction involving the robbery in which the defendant used a hammer to physically assault the victim of that robbery."

In a colloquy with the court, defendant's attorney conceded "a lack of remorse in the documents submitted by the prison," but offered, "I think he does have remorse." Counsel shared that "[w]hen I spoke with him on the phone, his words were, I quote, 'I'm 63. I'm done with this shit,' . . . and I believe him." The court responded, "Taking that at face value, that doesn't necessarily show remorse. That just shows fatigue."

The court concluded it "d[id] not find cause to strike the five-year prior" given "the seriousness of the prior conduct and the lack of—again, stated remorse or change that I see within the Department of Corrections filing." The court, however, did modify defendant's eight-month sentence component from the probation violation case to be served concurrently instead of consecutively, "for a total prison commitment of sixteen years."

## DISCUSSION

Defendant contends the trial court erred by not striking his nickel prior. As defendant concedes, our review is under the deferential abuse of discretion standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 375; see *People v. Brooks* (2020) 53 Cal.App.5th 919, 926-927 [trial court does not abuse its discretion when it focuses on "a valid sentencing objective as having more import than another"].) Under that standard, the appellant must show the trial court ruled in an " 'arbitrary, capricious or patently absurd' " manner" and "no reasonable person could agree with it." (*Carmony*, at pp. 376-377.) Defendant does not meet his burden; we find no abuse of discretion.

6

Defendant contends the trial court's decision "was 'arbitrary' because it [was] . . . based on the lack of an 'attestation of remorse' in the CDCR's recommendation—something that was not asked for, investigated or evaluated by the CDCR."

As the People point out, however, defendant was not limited by CDCR's documentation, but could, and did, submit his own—but chose only to submit a photograph. Section 1172.1, subdivision (a)(5), provides that on resentencing, the court must consider postconviction factors, and those include "evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." Whether the defendant is remorseful is an appropriate sentencing consideration. (See, e.g., *People v. Key* (1984) 153 Cal.App.3d 888, 900 ["Where a defendant acknowledges guilt, but shows no remorse, he may be expected to repeat the criminal conduct under similar circumstances"]; cf. Cal. Rules of Court, rule 4.414(b)(7) [remorse is an express consideration for probation grant].)

In light of defendant's extensive criminal history, and in particular that defendant "returned to state prison on at least ten occasions," including for parole violations, the trial court did not abuse its discretion in giving weight to the fact that it did "not appear anywhere" that defendant "has ever expressed remorse or misgivings for the extensive criminal behavior" marked again by "this prison commitment." The court properly observed "there's nothing . . . to indicate [he has] done anything to address the particular genesis or motivating factors" leading to his "extensive number of criminal convictions." Defendant's record, including "parole violations . . . more numerous than [the court could] count" called out to be addressed, and when defendant did not do so, the court

7

could reasonably find in these circumstances that an absence of evidence of defendant's remorse was evidence it was absent. Defendant on appeal goes outside the record to suggest that "[t]hree of the twelve steps practiced by CGA members are relevant to remorse." But even assuming arguendo the trial court was familiar generally with 12-step programming, including remorse and amends-making, the court could reasonably find defendant's brief participation in one self-help course over several weeks was slight when measured against his record devoid of remorse. We must view the record in light most favorable to the trial court's ruling. (*People v. Alvarez* (2014) 229 Cal.App.4th 761, 774.) As such, we find no abuse of discretion.

Next, defendant argues the trial court erred in failing to require that the probation department prepare a presentencing report for his resentencing hearing. The court did not err.

Defendant was ineligible for probation because of his prior strike conviction. (§§ 667, subd. (c)(2), 1170.12, subd. (a)(2).) A presentence report was therefore discretionary rather than mandatory. (Cal. Rules of Court, rule 4.411(a); *People v. Campbell* (2023) 98 Cal.App.5th 350, 385; see *People v. Dobbins* (2005) 127 Cal.App.4th 176, 180 ["case law has recognized that a probation report is not necessarily required if [the] defendant is statutorily ineligible for probation, for example, because of a prior strike"]; see also § 1203, subd. (g) [where defendant "is not eligible for probation," the trial court, "in [its] discretion, may direct the probation officer to investigate all facts relevant to the sentencing of the person"].)

Defendant argues a presentence report was still necessary based on the rule that one may be required where the person "[i]s not eligible for probation but a report *is needed to assist the court with other sentencing issues*, including the determination of the proper amount of [a] restitution fine." (Cal. Rules of Court, rule 4.411(a)(1)(b), italics added.)

Here, however, restitution was not at issue nor was a report needed for other sentencing issues. Resisting this conclusion, defendant argues that the "gap in time from the first sentencing, and dearth of evidence of [his] actual remorse are circumstances that indicate the report was 'needed to assist the court.'" The court, however, had for its consideration the information CDCR and defendant submitted. Just six years had elapsed since defendant's original sentencing, and he had completed only about a third of his original sentence. Defendant had done little or nothing to show remorse during this period and expressed none in his petition supplementing CDCR's letter. Evidence of regret for his actions, including the harm he caused his victims or, as the trial court phrased it, "misgivings" about his decades of criminal conduct, was uniquely within defendant's ability to provide. In these circumstances, we see no reason why defendant could not do so. (Cf. *People v. Mower* (2002) 28 Cal.4th 457 [burden may properly rest on defendant to show evidence " ' "peculiarly" within his personal knowledge' "].) Similarly, at least "a timely objection to the absence of a supplemental report would have permitted the court to consider the issue and order a report or explain why none was necessary." (*People v. Llamas* (1998) 67 Cal.App.4th 35, 39.) Accordingly, defendant

9

does not meet his burden to establish an abuse of discretion in the trial court's resentencing decision.

## DISPOSITION

The trial court's resentencing order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

McKINSTER _____

Acting P. J.

FIELDS _____

J.

[McPherson, E083532]

FIELDS, J., Concurring.

I fully concur in the majority's determination as to all issues in this case. I write separately only to indicate that I believe that the trial court's imposition of the subordinate term of eight months concurrent on defendant's probation violation case is an unauthorized sentence. In the majority opinion, we note that, upon resentencing, the court modified "defendant's eight-month sentence component from the probation violation case to be served concurrently instead of consecutively." (Maj. Opn., p.6)

Our penal code explains how we proceed when a person is convicted of more than one felony. It provides that "[w]hen any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific

1

enhancements applicable to those subordinate offenses."  (Pen. Code, § 1170.1, subd. (a).).[1]

In *People v. Quintero* (2006) 135 Cal.App.4th 1152, 1156, fn. 3, the court explained that "[b]ecause concurrent terms are not part of the principal and subordinate term computation under section 1170.1, subdivision (a), they are imposed at the full base term, not according to the one-third middle term formula, even though they are served at the same time."  Therefore, the trial court's modification of defendant's subordinate term of eight months for the probation violation case, which constituted one-third of the mid-term of the offense of receiving a stolen vehicle (§ 496d), from consecutive to concurrent, was unauthorized.

FIELDS
J.

---

[1]  All further statutory references are to the Penal Code, unless specified otherwise.