Filed 10/23/25  P. v. Reid CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>LARRY REID,<br><br>Defendant and Appellant. | A170013<br><br>(Contra Costa County<br>Super. Ct. No. 012200751) |

Following a revocation of probation, Appellant Larry Reid was sentenced to State Prison.  Reid appeals, asserting five arguments, the first of which is that the trial court erred in not obtaining a probation report before sentencing him.  The Attorney General concedes that the court erred and that the error was prejudicial.  We agree and we reverse.

## BACKGROUND

The facts of Reid's crimes, facts we learn from the preliminary examination, are not germane to the disposition of this appeal and need not be set forth in detail.  Suffice to say that on May 28, 2022, Madisyn Zingg was working as a store clerk at a smoke shop in Walnut Creek.  While Zingg's back was turned, Reid reached behind the counter and took a display of cigarette lighters.  Zingg said, " 'No, no, no,' " and grabbed Reid's wrist or hand.  Reid dropped the first display, took a second one, and "wrenched away

1

from [Zingg] and left the store" without paying.  Zingg suffered an abrasion on her knuckles

Walnut Creek Police Officer Connor Davis responded to the store in full uniform.  After watching a video of the incident, Favis found Reid some two blocks away.  When Reid refused to comply with Davis's demands, he "pulled [Reid] to the ground" because he was trying to pull away.  Reid scratched at Davis, leaving abrasions and scratches on the officer's hand, elbow, and forehead.  Reid said, "Dude, I'm going to flip on you and fuck you up"; he also spit on Davis.  A bystander helped Davis subdue Reid.  Meanwhile, other officers arrived to assist, one of whom Reid tried to kick.  Reid continued to threaten to "fuck. . . up" the officers, and told another officer to "Get off my fucking ankles, you cunt."

Davis read Reid his *Miranda*[1] rights, and he said "that he entered the store, he took the items, he struggled with the store clerk, and left the store.  He didn't have any intention to pay for the items."  He also said, "I don't give a fuck about the sales girl.  I don't fucking care.  She shouldn't be fucking touching me.  She has no right to fucking touch me.  I go in a store and take something, she can touch me?  Bullshit.  That's fucking wrong.  I don't give a fuck."

By information filed on November 8, 2022, Reid was charged with second degree robbery (Pen. Code, § 211, count one)[2]; resisting an officer by force or violence (§ 69, count two); assault with a deadly weapon (§ 245, subd. (a)(1), count three); and misdemeanor resisting, obstructing, or delaying a

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

[2] Any further undesignated statutory references are to the Penal Code.

2

peace officer (§ 148, subd. (a)(1), count 4).  Count three also alleged an out-on-bail enhancement pursuant to section 12022.1.

On December 8, pursuant to a negotiated disposition, the district attorney orally amended the information to allege misdemeanor criminal threats (§ 422).  The court granted the district attorney's motion to dismiss the remaining charges (§ 1385), and that same day placed Reid on probation for two years.  No probation report was prepared.  The proceedings were before the Honorable Patricia Scanlon.

Over the next year, the probation department filed seven petitions to revoke probation.  Five of the first six (all but the fourth) were sustained, and probation reinstated.  The seventh petition to revoke probation was filed on December 13, 2023, alleging that Reid trespassed, was a public nuisance, and exhibited disorderly conduct while under the influence of drugs.  On January 25, 2024, Judge Scanlon held a court trial, and found that Reid had trespassed and was under the influence of drugs.

On February 8, Reid requested that a pre-sentence report be prepared by the probation department.  Judge Jon Rolefeson, a retired Judge who had become involved in Judge Scanlon's absence, granted Reid's request.  But at the sentencing hearing, Judge Scanlon disagreed with Judge Rolefeson.

The sentencing hearing took place on February 15.  Reid requested that Judge Scanlon reinstate his probation or sentence him to the low term of two years in prison for the robbery.  The prosecution requested that the court sentence him to three years in prison for robbery with a consecutive one year for the misdemeanors.

At sentencing, Judge Scanlon imposed the midterm of three years for robbery with no additional time for his misdemeanor convictions.  Doing so, she characterized as "appalling" Reid's " 'letter to the Court about . . . what a

3

victim he is in this whole process.' " Then, after summarizing the facts of the offenses and Reid's "abysmal failure on probation", Judge Scanlon stated her reasoning for selecting the midterm, going on for some three pages.

Following Judge Scanlon's remarks, defense counsel asked, "Your Honor, can I say two things before we finish?" She responded, "No."

Reid appealed.

On January 21, 2025, the court filed an "Agreed Statement of Appeal" in response to this Court's November 26, 2024 order. On January 30, the court filed a "Settled Statement of Appeal" (January 30th Settled Statement) in response to our order on January 28.

## DISCUSSION

Reid makes five arguments on appeal, the first of which is that the trial court did not obtain a probation report before sentencing him to prison.[3] Reid is correct.

As the Attorney General states the law: "Statutory authority and the California Rules of Court specify the circumstances under which the court must prepare a probation report. Section 1203, subdivision (b)(1), states that when a person is convicted of a felony and is eligible for probation, the court 'shall immediately refer the matter to a probation officer to investigate and report to the court, at a specified time, upon the circumstances surrounding the crime and the prior history and record of the person, which may be considered either in aggravation or mitigation of the punishment.' "

---

[3] The other arguments, all of which can be determined on remand, are that the court: (1) considered improper factors in choosing the base term; (2) erred in concluding there were no mitigating factors; (3) abused its discretion in finding three aggravating factors; and (4) denied Reid due process.

4

The purpose of a probation report is to advise the court of the circumstances surrounding the crime and to provide information about the defendant's history and record. (*People v. Llamas* (1998) 67 Cal.App.4th 35, 40.) And to protect this right, section 1203, subdivision (b)(4), provides that: "The preparation of the report of the consideration of the report by the court may be waived only by a written stipulation of the prosecuting and defense attorneys that is filed with the court or an oral stipulation in open court that is made and entered upon the minutes of the court, except that a waiver shall not be allowed unless the court consents thereto." (§ 1203, subd. (b)(4).)

Given the setting here, the Attorney General concludes—and concedes—that "the superior court erred by failing to obtain a probation report before sentencing" (boldface omitted), adding this: "Section 1203.2 subdivision (b)(1), required the superior court to obtain a report from the probation department before sentencing appellant to prison. Because the superior court did not do so, appellant has shown error."

The Attorney General also acknowledges that Reid has shown the required prejudice under the *Watson* harmless error standard. (See *People v. Dobbins* (2005) 127 Cal.App.4th 176, 182, applying *People v. Watson* (1956) 46 Cal.2d 818, 836–837 (*Watson*).) Again, the Attorney General's brief is apt:

"The record reflects a reasonable probability of a more favorable result in the absence of the challenged error. When discussing circumstances pertaining to the defendant under [California Rules of Court] rule 4.423 (b), the superior court acknowledged, 'I honestly don't know enough about his prior record.' The superior court also concluded that appellant had not presented sufficient evidence that his mental illness 'significantly reduced [his] culpability for the crime.' (Rule 4.423(b)(2).) But appellant had presented evidence of serious mental illness and asserted that it had been 30

5

years since his last criminal offenses, suggesting that the probation department might have found these circumstances in mitigation to be present.  The probation department could have also reasonably taken a different view on the circumstances in aggravation ultimately relied on by the superior court.  The underlying facts of the robbery were not particularly aggravated.  Thus, the record reflects a reasonable probability of a more favorable result in the presence of a probation report.  Accordingly, appellant has shown prejudice under *Watson*, and remand for resentencing is required."

Finally, we note that Reid has requested he be resentenced by a different Judge.  As the Attorney General points out, Judge Scanlon's last day on the bench was January 31, 2025 (January 30th Settled Statement).  Thus, Judge Scanlon will not preside over Reid's resentencing.

## DISPOSITION

The judgment is reversed, and the matter remanded for further proceedings consistent with this opinion.

_____

RICHMAN, J.

We concur.

_____

STEWART,  P. J.

_____

DESAUTELS, J.

(A170013N)